## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BETH ANN BRETTER and** | : | |
| **JAMES A. PEYTON, JR.** | : | |
| **Plaintiffs** | : | |
| v. | : | **No.** |
| **KAREN F. PEYTON** | : | |
| **Defendant** | : | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs **BETH ANN BRETTER and JAMES A. PEYTON, JR.**, by and through

authorized counsel, hereby respectfully complain of Defendant **KAREN F. PEYTON**, and aver

as follows:

PARTIES.

1.      Plaintiff **BETH ANN BRETTER** ("Beth Ann") is an adult individual, and a

citizen of the State of Connecticut, with a residence address at 423 Whitney Avenue, New

Haven, CT  06511-2343.

2.      Plaintiff **JAMES A. PEYTON, JR.** ("James Jr.") is an adult individual, and a

citizen of the State of Florida, with a residence address at 1085 Kenwood Drive, Dunedin, FL

34698-6522.

3.      Defendant **KAREN F. PEYTON** ("Karen") is an adult individual, and a citizen

of the Commonwealth of Pennsylvania, with a residence address at 2745 Maxwell Street,

Philadelphia, PA  19136-1016.

JURISDICTION AND VENUE.

4.      Jurisdiction is based on 28 U.S.C. §1332(a) (diversity of citizenship; and there

being in excess of $75,000.00, exclusive of interest and costs, in controversy).

5.      Venue in the District Court is based on 28 U.S.C. §1391; Karen resides in and

owns real property in Philadelphia County, Pennsylvania (in the Eastern District of

Pennsylvania), and the subject transactions and occurrences regarding that real property and other

and other personal property took place in the Eastern District of Pennsylvania.

6.     Where, as here, a federal court has authority to hear a suit by virtue of diversity

jurisdiction, the court must apply state substantive law.  **Erie R.R. v. Tompkins**, 304 U.S. 64,

78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

7.     The Court must apply Pennsylvania law in the present dispute because the Court

sits in diversity.  **Liggon-Redding v. Estate of Sugarman**, 659 F.3d 258, 262 (3d Cir. 2011)

(providing that when a federal court sits in diversity, the court will apply the forum state's

substantive law while adhering to federal procedural law).

RELEVANT FACTS.

8.     As of 2004, the real property at 2745 Maxwell Street, Philadelphia, PA  19136-

1016 ("Property") had been owned of record by James A. Peyton, Sr. and Anna E. Peyton.

9.     As of 2004, James A. Peyton, Sr. and Anna E. Peyton were the biological parents

of four (4) children, namely Beth Ann, James Jr., Karen and Mark L. Peyton ("Mark").

10.    On March 10, 2004, James A. Peyton, Sr. and Anna E. Peyton conveyed title to

the Property to Mark and Karen.  A true and correct copy of the Deed is attached hereto as

Exhibit P-1.

11.    The transfer tax Affidavit (part of Exhibit P-1) reflects that the March 10, 2004

conveyance of the Property was exempt from transfer tax as a conveyance from parents to

children.

12.    Pursuant to Pennsylvania law, as a result of the March 10, 2004 conveyance of the

Property to Mark and Karen, Mark and Karen became owners of the Property as tenants in

common (50% each).

13.    James A. Peyton, Sr. died in 2009 and Anna E. Peyton died in 2013.

14.     Mark died on October 2, 2018.

15.     Subsequent to 2004, Karen did not reside at the Property until after Mark's death.

16.     Mark was never married.

17.     Subsequently, Karen probated Mark's purported Will with the Philadelphia Register of Wills.  A true and correct copy of Mark's purported Will, dated November 1, 2014 ("Will"), is attached hereto as Exhibit P-2.

18.     The Will appointed Karen as sole executrix of Mark's estate.

19.     The Will bequeathed Mark's tenant in common interest in the Property to Karen.

20.     The Will bequeathed the residue of Mark's estate to James Jr., Beth Ann and Karen.

21.     Upon information and belief, there was no residue of Mark's estate, and Beth Ann and James received no estate distributions.

22.     During November 2021, Beth Ann and James Jr. learned for the first time that the Will was a forgery by Karen, which Karen had admitted.

23.     Since the Will was a forgery, then its probate by the Philadelphia Register of Wills was invalid.

24.     Since the Will was a forgery, all bequests provided for in the Will were invalid.

25.     Since the Will was a forgery, Mark died intestate.

26.     Since Mark died intestate, Pennsylvania statutory law regarding intestate succession should have determined which of Mark's heirs would have been entitled to inherit the real and personal property owned by Mark at the time of his death.

27.     Pursuant to 20 Pa.C.S.A. § 2103, Mark's heirs by intestate succession should have been Beth Ann, James Jr. and Karen.

28.     Pursuant to 20 Pa.C.S.A. § 301, title to Mark's 50% tenant in common interest in

the Property should have become vested in Beth Ann, James Jr. and Karen, as tenants in common, as of the date of Mark's death.

29.     Upon information and belief, Mark owned other personal property (including substantial cash accounts and securities) prior to his death.

30.     Upon information and belief, Karen caused Mark (either by forgery or by undue influence) to execute documents to render Mark's other personal property (including substantial cash accounts and securities) as payable to Karen, either prior to, or at, the time of Mark's death.

31.     But for the foregoing, pursuant to 20 Pa.C.S.A. § 2103, by intestate succession, Beth Ann, James Jr. and Karen, and not Karen alone, should have inherited Mark's other personal property (including substantial cash accounts and securities).

32.     Based on the foregoing pattern of conduct by Karen, Beth Ann and James Jr. also have reason to believe that Karen may have previously diverted, to Karen alone, certain other assets of James A. Peyton, Sr., Anna E. Peyton and/or Mark, which they owned prior to their respective deaths, and which was intended to be shared pro rata among the surviving children of James A. Peyton, Sr. and Anna E. Peyton.

33.     On June 23, 2022, Beth Ann and James Jr. retrieved records from the Philadelphia Register of Wills for the Estate of Anna E. Peyton, who died on November 22, 2013.

34.     Karen was the sole executrix of the Estate of Anna E. Peyton.

35.     Based on records discovered for the first time by James Jr. during March 2022, there was an account in the primary name of Anna E. Peyton at Police and Fire Credit Union, No. 60958201, with Karen designated as joint owner, which had a June 30, 2013 balance of $30,705.74 (savings) and $12.416.30 (certificate of deposit).

36.     Based on records discovered for the first time by James Jr. during March 2022, there was an account in the primary name of Mark at Police and Fire Credit Union, No.

-4-

81202601, with Anna E. Peyton and Karen designated as joint owners, which had a June 30, 2013 balance of $178,038.14.

37.     Based on records discovered for the first time by James Jr. during March 2022, there was an account in the primary name of Anna E. Peyton at Police and Fire Credit Union, No. 62856201, with Karen designated as joint owner, which had a June 30, 2013 balance of $171,911.48.

38.     Based on records discovered for the first time by James Jr. during March 2022, prior to her death in 2013, Anna E. Peyton held multiple certificates of deposit at Police and Fire Credit Union in the approximate total amount of $200,000.

39.     None of the foregoing accounts and funds became part of the probate assets of the Estate of Anna E. Peyton.

PLAINTIFFS' CLAIMS

COUNT I - ACTION FOR FRAUD

40.     Plaintiffs incorporate the averments contained in Paragraphs 1 through 39 above as if restated in their entirety.

41.     Pursuant to Pennsylvania law, "[t]o prove fraud, a plaintiff must demonstrate by clear and convincing evidence: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance. **Id**. (quoting **Gibbs v. Ernst**, 538 Pa. 193, 207, 647 A.2d 882, 889 (1994)).  See also, **Sowell v. Butcher & Singer, Inc.**, 926 F.2d 289 (3d Cir. 1991).

42.     Karen's action in 2019, to probate Mark's forged Will at the Philadelphia Register of Wills, was a false material misrepresentation to the Philadelphia Register of Wills.

43.     Karen's action in 2019, to probate Mark's forged Will at the Philadelphia Register of Wills, was made with intent that the Philadelphia Register of Wills would justifiably rely on the veracity of the Will, and that Beth Ann and James Jr. would rely on the veracity of the Will.

44.     Karen's actions, as described above, including without limitation, the action in 2019 to probate Mark's forged Will at the Philadelphia Register of Wills, proximately caused injury to Beth Ann and James Jr..

45.     Karen's improper conduct, as described above, also constituted outrageous, egregious, vituperous, wanton, reckless and/or intentionally malicious conduct intended to euchre Beth Ann and James Jr. out of their rightful entitlements, as to entitle Beth Ann and James Jr. to punitive damages.

46.     Beth Ann and James Jr. are entitled to remedies due to fraud by Karen.

**WHEREFORE**, Plaintiffs **BETH ANN BRETTER and JAMES A. PEYTON, JR.** respectfully request the following relief:

(A)     An interim Order commanding Defendant **KAREN F. PEYTON** to provide an accounting of all assets owned by James A. Peyton, Sr., Anna E. Peyton and Mark L. Peyton prior to their respective deaths, which assets were transferred to Defendant **KAREN F. PEYTON** prior to, or after, the respective deaths of James A. Peyton, Sr., Anna E. Peyton and Mark L. Peyton (including production of all relevant documentation pertaining to all such transactions); and,

(B)     A final Order directing that title to the Property should be held (via the recording of a corrective Deed) as tenants in common by **KAREN F. PEYTON**, **BETH ANN BRETTER and JAMES A. PEYTON, JR.** in the following percentages: **KAREN F. PEYTON (66 2/3%);**

**BETH ANN BRETTER (16 2/3%); JAMES A. PEYTON, JR. (16 2/3%)**, or in lieu thereof,

at the election of Plaintiffs **BETH ANN BRETTER and JAMES A. PEYTON, JR.**, a final

Order directing Defendant **KAREN F. PEYTON** to pay, to Plaintiffs **BETH ANN BRETTER**

**and JAMES A. PEYTON, JR.**, the amount corresponding to 33 1/3% of the current fair market

value of the Property and

(C)     A final Order directing Defendant **KAREN F. PEYTON** to pay pro rata mesne

profits to Plaintiffs **BETH ANN BRETTER and JAMES A. PEYTON, JR.** for detention of

the Property from October 2, 2018 to the date of entry of judgment; and,

(D)     A final Order requiring Defendant **KAREN F. PEYTON** to pay compensatory

and punitive money damages to Plaintiffs **BETH ANN BRETTER and JAMES A. PEYTON,**

**JR.**, including reimbursement for the costs of this action and the additional costs to be incurred

subsequent to the filing of this action; and,

(E)     Such further relief as the Court may deem just and proper.

COUNT II - ACTION FOR BREACH OF FIDUCIARY DUTY

47.     Plaintiffs incorporate the averments contained in Paragraphs 1 through 46 above

as if restated in their entirety.

48.     Pursuant to Pennsylvania law, to prevail on a breach of fiduciary duty claim, a

plaintiff is required to prove the following elements: the existence of a fiduciary relationship, that

defendant negligently or intentionally failed to act in good faith and solely for plaintiff's benefit,

and that plaintiff suffered an injury caused by defendant's breach of fiduciary duty. **Snyder v.**

**Crusader Servicing Corporation**, 231 A.3d 20, 2020 PA Super 67 (Pa.Super.2020).

49.     Upon information and belief, any accounts in the primary name of Anna E. Peyton

or Mark, in which Karen was a joint owner, once received or owned by Karen alone, were

supposed to be shared pro rata among Karen, Mark (when he was living), Beth Ann and James

Jr..

50. Once received or owned by Karen alone, Karen had agreed to hold the proceeds of

such accounts in the primary name of Anna E. Peyton or Mark, in which Karen was a joint

owner, subject to the obligation to share such proceeds pro rata among Karen, Mark (when he

was living), Beth Ann and James Jr..

51. Karen accepted a fiduciary relationship to Beth Ann and James Jr..

52. Karen has failed or refused to account for and to make required pro rata

distributions to Beth Ann and James Jr..

53. Karen negligently or intentionally failed to act in good faith and solely for the

benefit of Beth Ann and James Jr..

54. Karen's improper conduct, as described above, also constituted outrageous,

egregious, vituperous, wanton, reckless and/or intentionally malicious conduct intended to euchre

Beth Ann and James Jr. out of their rightful entitlements, as to entitle Beth Ann and James to

punitive damages.

55. Beth Ann and James Jr. are entitled to remedies due to breach of fiduciary duty by

Karen.

**WHEREFORE**, Plaintiffs **BETH ANN BRETTER and JAMES A. PEYTON, JR.**

demand the entry of judgment against Defendant **KAREN F. PEYTON**, for unliquidated money

damages exceeding $75,000, plus punitive damages, statutory post-judgment interest, the costs of

this action and the additional costs to be incurred subsequent to the filing of this action.

COUNT III - ACTION FOR CONVERSION

56. Plaintiffs incorporate the averments contained in Paragraphs 1 through 55 above

as if restated in their entirety.

57.     Pursuant to Pennsylvania law, conversion is a tort in which the defendant deprives a plaintiff of the right to a chattel or interferes with use or possession thereof without consent or justification.  **McDermott v. Party City Corp.**, 11 F.Supp. 318 (E.D.Pa.1997); **Chrysler Credit Corporation v. Smith**, 434 Pa.Super 429, 643 A.2d 1098 (Pa.Super.1994, appeal denied, 539 Pa. 664, 652 A.2d 834 (1994); **Universal Premium Acceptance Corp. v. York Bank & Tr. Co.**, 69 F.3d 695, 704 (3d Cir. 1995) (quoting **Cenna v. United States**, 402 F.2d 168, 170 (3d Cir. 1968)).

58.     Money may be the subject of a conversion.  **Francis J. Bernhardt, III, P.C. v. Needleman**, 705 A.2d 875 (Pa.Super.1997).

59.     Upon information and belief, any accounts in the primary name of Anna E. Peyton or Mark, in which Karen was a joint owner, once received or owned by Karen alone, were supposed to be shared pro rata among Karen, Mark (when he was living), Beth Ann and James Jr..

60.     Once received or owned by Karen alone, Karen had agreed to hold the proceeds of such accounts in the primary name of Anna E. Peyton or Mark, in which Karen was a joint owner, subject to the obligation to share such proceeds pro rata among Karen, Mark (when he was living), Beth Ann and James Jr..

61.     Karen failed or refused to account for and to make required pro rata distributions to Beth Ann and James Jr..

62.     Karen's actions deprived Beth Ann and James Jr. of their rights to a pro rata share of the accounts, without consent by Beth Ann and James Jr., and without legal justification.

63.     Karen's improper conduct, as described above, also constituted outrageous, egregious, vituperous, wanton, reckless and/or intentionally malicious conduct intended to euchre

Beth Ann and James out of their rightful entitlements, as to entitle Beth Ann and James Jr. to

punitive damages.

64.      Beth Ann and James Jr. are entitled to remedies due to conversion by Karen.

**WHEREFORE**, Plaintiffs **BETH ANN BRETTER and JAMES A. PEYTON, JR.**

demand the entry of judgment against Defendant **KAREN F. PEYTON**, for unliquidated money

damages exceeding $75,000, plus punitive damages, statutory post-judgment interest, the costs of

this action and the additional costs to be incurred subsequent to the filing of this action.

COUNT IV – UNJUST ENRICHMENT

65.      Plaintiffs incorporate the averments contained in Paragraphs 1 through 64 above

as if restated in their entirety.

66.      Under Pennsylvania law, unjust enrichment is an action sounding in quasi-

contract or contract implied in law.  **Sevast v. Kakouras**, 915 A.2d 1147, 1153 n.7 (Pa. 2007)

(citing **Schott v. Westinghouse Electric Corp.**, 259 A.2d 443, 449 (Pa. 1969)).

67.      "A quasi-contract imposes a duty, not as a result of any agreement, whether

express or implied, but in spite of the absence of an agreement, when one party receives unjust

enrichment at the expense of another." **Gutteridge v. J3 Energy Group, Inc.**, 165 A.3d 908,

917 (Pa. Super. 2017) (en banc).

68.      The doctrine of unjust enrichment is inapplicable when the relationship between

the parties is founded on a written agreement or an express contract.  **Roman Mosaic & Tile v.**

**Vollrath**, 143 A.3d 421, 428 (Pa. Super. 2017).

69.      The elements of unjust enrichment are: "[ (1) ] benefits conferred on defendant by

plaintiff; [ (2) ] appreciation of such benefits by defendant[;] and [ (3) ] acceptance and retention

of such benefits under such circumstances that it would be inequitable for defendant to retain the

benefit without payment of value." **WFIC, LLC v. LaBarre**, 148 A.3d 812, 819 (Pa. Super.

2016) (citation omitted).

70.     "To sustain a claim of unjust enrichment, a claimant must show that the party

against whom recovery is sought either wrongfully secured or passively received a benefit it

would be unconscionable ... to retain." **Gutteridge**, supra at 917.

71.     The doctrine's application depends on the particular circumstances of each case,

with the Court's focus primarily on "whether the enrichment of the defendant is unjust.

72.     Karen has been unjustly enriched by the benefit of the funds which she received to

the extent that such funds rightfully should have been shared with Beth Ann and James Jr..

73.     It would be inequitable for Karen to retain the benefit of the funds which she

received (to the extent that such funds rightfully should have been shared with Beth Ann and

James Jr.), without payment of value to Beth Ann and James Jr..

74.     Pursuant to the principle of unjust enrichment, Beth Ann and James Jr. are entitled

to recover from Karen, the portions of the funds which Karen received (to the extent that such

funds rightfully should have been shared with Beth Ann and James Jr.), plus such other amounts

as may be permitted by law.

75.     Beth Ann and James Jr. are entitled to remedies due to unjust enrichment to

Karen.

**WHEREFORE**, Plaintiffs **BETH ANN BRETTER and JAMES A. PEYTON, JR.**

demand the entry of judgment against Defendant **KAREN F. PEYTON**, for unliquidated money

damages exceeding $75,000, plus statutory post-judgment interest, the costs of this action and the

additional costs to be incurred subsequent to the filing of this action.

COUNT V – DECLARATORY RELIEF FOR A CONSTRUCTIVE TRUST

76.     The averments contained in Paragraphs 1 through 75 are incorporated herein by reference as if restated in their entirety.

77.     Pursuant to the Pennsylvania Declaratory Judgments Act, the courts are generally open to declare rights, status, and other legal relations. See, 42 Pa.C.S. § 7531 et seq.

78.     42 Pa.C.S.A. § 7541, entitled Construction of subchapter, states "(a) General rule. — This subchapter is declared to be remedial. Its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and is to be liberally construed and administered."

79.     A demand for declaratory judgment is appropriate when there is a real, present and justifiable controversy.  **Township of Derry v. Pa Dept. of Labor**, 593 Pa. 480, 932 A.2d 56 (Pa. 2007).

80.     42 Pa.C.S.A. § 7532, entitled General scope of declaratory remedy, states: "Courts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed."

81.     The existence of an alternative remedy should not be grounds for a Court's refusal to consider a declaratory judgment.  **P.J.S. v. Pennsylvania State Ethics Com'n**, 669 A.2d 1105, Cmwlth.1996.

82.     The presence of antagonistic claims indicating imminent and inevitable litigation coupled with clear manifestation that the declaratory relief sought will end a real controversy are essential to granting declaratory judgment.  **Gulnac by Gulnac v. South Butler Cnty. Sch. Dist.**, 587 A.2d 699 (Pa. 1991).

83.     The Court's inquiry in a declaratory judgment action concerns ascertainment of rights of parties and whether protection for an asserted right can be molded.  **Allegheny Co. v. Com.**, 534 A.2d 760, 517 Pa. 65 (1987).

84.     Pennsylvania law empowers a Court to enjoin a defendant's dissipation of assets while litigation against the defendant is pending.  **Ambrogi v. Reber**, 932 A.2d 969, 2007 PA Super 278 (Pa.Super.2007), citing **Citizens Bank of Pennsylvania v. Myers**, 872 A.2d 827 (Pa.Super.2005).

85.     Upon information and belief, there is a substantial likelihood that funds presently in Karen's name, which rightfully should have been shared with Beth Ann and James Jr., will be concealed, alienated and/or dissipated.

86.     Beth Ann and James Jr. desire a judicial determination that Karen should be subject, pendente lite, to a continuing constructive trust over all funds presently in Karen's name, which constitute both funds which rightfully should have been shared with Beth Ann and James Jr., and the proceeds and products of such funds, to preserve the status quo and protect the rights of Beth Ann and James Jr. to a financial recovery if any of the Counts I, II, III or IV claims in this case should be successful.

**WHEREFORE**, Plaintiffs **BETH ANN BRETTER and JAMES A. PEYTON, JR.** demand the entry of judgment against Defendant **KAREN F. PEYTON** for declaratory relief in the form of a judicial determination as follows:

(A)     Defendant **KAREN F. PEYTON** is ordered to serve as constructive trustee of a constructive trust over all funds presently in Karen's name, wherever situated, which constitute both funds which rightfully should have been shared with Beth Ann and James Jr., and the proceeds and products of such funds, but if Defendant **KAREN F. PEYTON** is demonstrably unable or unwilling to account for and self-administer the constructive trust, then upon

-13-

subsequent application by Plaintiffs **BETH ANN BRETTER and JAMES A. PEYTON, JR.**,

the Court shall appoint an independent trustee, at the sole expense of Defendant **KAREN F.**

**PEYTON**, for such purposes; and

   (B)  Plaintiffs **BETH ANN BRETTER and JAMES A. PEYTON, JR.** shall be

entitled to such other relief as this Court shall deem fair and appropriate.

          Respectfully submitted,
          ZAID LAW OFFICE, P.C.


            s/Marc A. Zaid
        By: _____
          Marc A. Zaid Esq., Attorney I.D. No. 29458;
          Co-counsel for Plaintiffs **BETH ANN**
          **BRETTER and JAMES A. PEYTON, JR.**
          2200 Renaissance Boulevard, Suite 270
          King of Prussia, PA  19406
          Email zaidesq@cs.com
          Tel (610) 940-3610; Fax (610) 940-3612


          Respectfully submitted,
          DONALD J. WEISS, ESQ., P.C.


            s/Donald J. Weiss
        By: _____
          Donald J. Weiss, Attorney I.D. No. 17574;
          Co-counsel for Plaintiffs **BETH ANN**
          **BRETTER and JAMES A. PEYTON, JR.**
          Chadds Ford Professional Center
          6 Dickinson Drive, Building 100, Suite 110
          Chadds Ford, PA  19317
          Email donaldjweissesq@aol.com
          Tel (610) 459-8074; Fax (610) 459-8653

Dated:  June 27, 2022