**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BETH ANN BRETTER and** | : | |
| **JAMES R. PEYTON, JR.,** | : | |
| **Plaintiffs,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **No. 22-2509** |
| | : | |
| **KAREN F. PEYTON,** | : | |
| **Defendant.** | : | |

McHUGH, J.                                                           April 17, 2023

**MEMORANDUM**

Plaintiffs in this inheritance dispute between siblings seek to subpoena bank records pertaining to their sister – the Defendant – their deceased brother, and their deceased mother.  Defendant moves to quash the subpoena to the extent it encompasses her personal bank accounts, arguing that such accounts are not relevant to this litigation and disclosure of records for these accounts will improperly invade her privacy.  Because such records may contain relevant information regarding Plaintiffs' claims, I will deny Defendant's Motion.

I.      **Relevant Background**

I previously outlined the facts giving rise to this action in a memorandum addressing Defendant's Motion to Dismiss on September 23, 2022.  *See* ECF 8.  In summary, Plaintiffs Beth Ann Bretter and James R. Peyton, Jr. sue their sister, Karen F. Peyton, alleging claims of breach of fiduciary duty, conversion, and unjust enrichment arising from her role in managing assets of the siblings' brother and mother during their lifetimes.  *See* Compl. ¶¶ 47-75.  Specifically, Plaintiffs claim that Karen improperly converted assets belonging to the estates of their mother,

Anna E. Peyton, and their brother, Mark L. Peyton, which prevented Beth Ann and James from receiving these assets upon the death of Anna and Mark.[1] *Id.*

Among the various assets that Karen allegedly mismanaged, Plaintiffs assert that Karen executed improper *inter vivos* transfers from accounts belonging to Anna and Mark at Police and Fire Credit Union ("PFCU").  *Id.* ¶¶ 32-39.  Plaintiffs specifically assert that prior to filing this lawsuit, they discovered the following PFCU accounts:

- an account with Anna as the primary owner and Karen as a joint owner, with a June 2013 balance of $30,705.74 (savings) and $12,416.30 (certificate of deposit);

- a separate account with Anna as the primary owner and Karen as joint owner, with a June 2013 balance of $171,911.48;

- multiple certificates of deposit with Anna as the sole owner totaling approximately $200,000; and

- an account with Mark as the primary owner and Anna and Karen as joint owners, with a June 2013 balance of $178,038.14.

*Id.* ¶¶ 35-38.  Plaintiffs argue that these assets should have been distributed among the surviving siblings upon the deaths of Anna and Mark, but that none of the foregoing PFCU accounts were part of the assets distributed from either person's estate.  *Id.* ¶¶ 39, 49-52, 59-62.

To seek records regarding these accounts, Plaintiffs directed a subpoena to PFCU demanding production of the following:

1. As to all bank accounts (checking, savings and or certificates of deposit) which had been in the name of **Anna E. Peyton (solely or with others) and/or the Estate of Anna E. Peyton**, which were active during the period from January 1, 2009 to date, (a) the monthly account statements for each account for the latest 12 month period during which each account had remained active, (b) all written communications to or from Police and Fire Federal Credit Union regarding such

---

[1] For the sake of clarity, I use the first names of family members throughout.

accounts, and (c) documents showing the names of persons who had signature authority regarding such accounts during the period that the accounts were active.

2. As to all bank accounts (checking, savings and or certificates of deposit) which had been in the name of **Mark L. Peyton (solely or with others) and the Estate of Mark L. Peyton**, which were active during the period from January 1, 2009 to date, (a) the monthly account statements for each account for the latest 12 month period during which each account had remained active, (b) all written communications to or from Police and Fire Federal Credit Union regarding such accounts, and (c) documents showing the names of persons who had signature authority regarding such accounts during the period that the accounts were active.

3. As to all bank accounts (checking, savings and or certificates of deposit) which had been in the name of **Karen R. Peyton (solely or with others)**, which were active during the period from January 1, 2009 to date, (a) the monthly account statements for each account for the latest 12 month period during which each account had remained active, (b) all written communications to or from Police and Fire Federal Credit Union regarding such accounts, and (c) documents showing the names of persons who had signature authority regarding such accounts during the period that the accounts were active.

Def.'s Ex. A, ECF 18 at 10 (emphasis in original).

Karen moves to quash the portion of the subpoena directed at any of her personal bank accounts, arguing that her personal account records are unlikely to disclose or lead to relevant information regarding Plaintiffs' claims.[2]

## II.    Legal Standard

"'The serve-and-volley of the federal discovery rules govern the resolution of' a motion to quash." *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234, 239 (E.D. Pa. 2014) (Baylson, J.) (quoting *Mycogen Plant Sci., Inc. v. Monsanto Co.*, 164 F.R.D. 623, 625 (E.D. Pa. 1996)). The

---

[2] Although the subpoena is not directed at Karen, personal rights or privileges claimed regarding bank account records are enough to establish standing to challenge a subpoena served upon the financial institution holding such records. *See, e.g.*, *ITOCHU Int'l, Inc. v. Devon Robotics, LLC*, 303 F.R.D. 229, 232 (E.D. Pa. 2014) (Joyner, J.); *Catskill Dev., LLC v. Park Place Ent. Corp.*, 206 F.R.D. 78, 92-93 (S.D.N.Y. 2002).

subpoenaing party must first demonstrate that its requests fall within the general scope of discovery by demonstrating that the discovery sought is relevant to any party's claim or defense and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Then, the burden shifts to the party opposing the subpoena to establish a basis to quash the subpoena under Rule 45(d), such as by arguing that the subpoena imposes an "undue burden" or "requires disclosure of privileged or other protected matter." *See In re Domestic Drywall*, 300 F.R.D. at 239; Fed. R. Civ. P. 45(d)(3). In assessing the parties' arguments regarding a motion to quash, courts weigh "(1) the relevance, (2) need, (3) and confidentiality of the requested materials, as well as (4) the harm that compliance would cause the subpoenaed nonparty." *In re Domestic Drywall*, 300 F.R.D. at 239 (citing *Mannington Mills, Inc. v. Armstrong World Indus., Inc.* 206 F.R.D. 525, 529 (D. Del. 2002)).

## III.    Discussion

Here, Plaintiffs have demonstrated that their sister's personal bank records may contain relevant information to their claims. The Complaint alleges that Karen mishandled funds that she held in her joint accounts with Mark and Anna, as well as certificates of deposit held solely in Anna's name. If Mark and Anna's account records reveal balance decreases during the relevant period, Plaintiffs will also need to examine Karen's personal accounts to see if her balances increased when the other account balances decreased to identify any potentially improper transfers. Plaintiffs therefore meet their burden of demonstrating that Karen's personal account records are within the scope of discovery.

Karen, however, does not present a sufficient basis to quash or modify the subpoena under Rule 45(d). Her motion to quash almost exclusively focuses on why her account records are not relevant. For the reasons above, I disagree. Her remaining argument for quashing the subpoena is a general expectation of privacy in her personal financial records. Individuals certainly have

some protected privacy interests in their personal financial information. *Fraternal Ord. of Police, Lodge No. 5 v. City of Philadelphia*, 812 F.2d 105, 115 (3d Cir. 1987).  But there is no absolute privilege regarding such records, and financial information may be disclosed when its relevancy to the case outweighs the intrusion to the producing party's privacy. *See Schmulovich v. 1161 Rt. 9 LLC*, No. 07-597, 2007 WL 2362598, at *4 (D.N.J. Aug. 15, 2007).  Several district courts have held that where a party moves to quash a subpoena, rather than seek a more limited remedy such as a protective order, the burden on the movant is "particularly heavy." *See e.g.*, *Green v. Cosby*, 314 F.R.D. 164, 170 (E.D. Pa. 2016) (Brody, J.) (citation omitted).  Given the potential importance of the records, Defendant's arguments do not suffice.

## IV.    Conclusion

For the reasons set forth, Defendant's Motion will be denied.  An appropriate order follows.


  /s/ Gerald Austin McHugh
United States District Judge

5