IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BETH ANN BRETTER** and : <br> **JAMES R. PEYTON, JR.,** : <br>      **Plaintiffs,** : <br> : <br> v. : <br> : <br> **KAREN F. PEYTON,** : <br>      **Defendant.** : | **CIVIL ACTION** <br> No. 22-2509 |

**McHUGH, J.**                                                                                       **June 6, 2023**

**MEMORANDUM**

Plaintiffs in this inheritance dispute between siblings move to compel the Defendant's state and federal income tax returns spanning the past decade. Plaintiffs claim that they need to access these records to trace the full extent to which Defendant financially benefitted from the assets she allegedly mishandled. Defendant objects on the basis that the request is unduly burdensome on her and is unlikely to lead to information relevant to Plaintiffs' claims. Because I conclude that Plaintiffs already have access to financial records that should contain the information they allegedly need from Defendants' tax records, I will deny Plaintiffs' Motion.

**I.     Relevant Background**

I previously outlined the facts giving rise to this action in a memorandum addressing Defendant's Motion to Dismiss, ECF 8, and a memorandum regarding Defendant's Motion to Quash, ECF 20. In summary, Plaintiffs Beth Ann Bretter and James R. Peyton, Jr., sue their sister, Karen F. Peyton, alleging claims of breach of fiduciary duty, conversion, and unjust enrichment arising from her role in managing assets of the siblings' brother and mother during their lifetimes. *See* Compl. ¶¶ 47-75. Specifically, Plaintiffs claim that Karen improperly converted assets

belonging to the estates of her mother, Anna E. Peyton, and her brother, Mark L. Peyton, which prevented Beth Ann and James from receiving these assets upon the death of Anna and Mark. *Id.*

Among the various assets involved in this case, Plaintiffs assert that Karen executed improper *inter vivos* transfers from cash and securities accounts belonging to Anna and Mark during their lifetimes, including several accounts at Police and Fire Credit Union ("PFCU"). *Id.* ¶¶ 29-39. Plaintiffs argue that these assets should have been distributed among the surviving siblings upon the deaths of Anna and Mark, but that none of the foregoing accounts were part of the assets distributed from either person's estate. *Id.* ¶¶ 39, 49-52, 59-62. Because I found that Karen's own account records at PFCU may provide some insight into whether improper transfers occurred, I previously denied an attempt by Karen to quash a subpoena directed at PFCU demanding production of her personal account records. *See* ECF 20 & 21.

Plaintiffs now seek to compel an array of additional financial records from Karen, including Karen's state and federal income tax returns from 2009 to 2022, arguing that these records are also necessary to determine the extent of any improper *inter vivos* transfers and whether Karen earned interest and dividends from the improperly transferred funds. ECF 22. Karen responds that she has since adequately addressed all but one of Plaintiffs' discovery requests, and currently objects only to Plaintiffs' request for her tax returns.

**II.     Legal Standard**

Whether a document is discoverable is governed by Fed. R. Civ. P. 26 (b)(1).

When a party moves to compel discovery pursuant to Fed. R. Civ. P. 37, the moving party bears the initial burden of proving the relevance of the material requested. *See Morrison v. Phila. Housing Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that initial burden is met, "the party resisting discovery can establish a lack of relevance by showing that the material requested does

not fall within the broad scope of relevance defined by Rule 26 or is of such little relevance that the potential harm occasioned by discovery outweighs the ordinary presumption favoring its disclosure." *First Niagara Risk Mgmt., Inc. v. Folino*, 317 F.R.D. 23, 25 (E.D. Pa. 2016).

### III.   Discussion

Here, Plaintiffs contend that Karen's reported income on her tax returns from 2009 to 2022 are relevant to their attempt to trace any improperly transferred funds. In support of this argument, they point to my prior opinion regarding Karen's personal account records at PFCU, in which I emphasized that Plaintiffs had demonstrated sufficient need to examine Karen's personal accounts "to see if her balances increased when the other account balances decreased to identify any potentially improper transfers." ECF 20 at 4. Plaintiffs argue that they have a similar need for Karen's tax returns, as they need to "identify and quantify the amount of money damages to which [they] are entitled," and Karen's tax filings will show "the payors, and the amounts, of interest and dividends" she received. ECF 22-2 at 7. I agree that this shows some degree of relevance.

But unlike the prior bank records requested by Plaintiffs, Karen has a persuasive argument that her privacy interest in her tax returns outweighs the potential relevance of the documents to Plaintiffs' claims. "Public policy favors the nondisclosure of income tax returns," and as such a court must generally weigh this policy preference for confidentiality against a "plaintiff's need for the information, its materiality, and its relevance" before compelling disclosure of returns. *DeMasi v. Weiss*, 669 F.2d 114, 119-20 (3d Cir. 1982) (cleaned up). Here, Plaintiffs have not demonstrated that the information they need to pursue their claims is only available in Karen's tax returns. Defendant has apparently complied with Plaintiffs' requests for an array of other financial records, including bank accounts, certificates of deposit, and investment accounts in her name, as well as in the names of the siblings' deceased brother and mother. *See generally* ECF 22-3 (listing

3

additional requests for production not at issue in this Motion). Many of these documents would contain information about Karen's income, including interest and dividends, that Plaintiffs claim they need Karen's tax documents to uncover. *See id.* at 2-3 (requesting monthly account statements for all brokerage and investment accounts from 2009 to the present held by Karen, Anna, and Mark). As such, I cannot find that Plaintiffs have demonstrated a need compelling enough to overcome the policy preference for nondisclosure of income tax returns. *Jackson v. Unisys, Inc.*, No. 08-cv-3298, 2010 WL 10018, at *2 (E.D. Pa. Jan. 4, 2010) (denying motion to compel plaintiff's income tax returns where other documents produced in discovery would "suffice for the information sought by [the defendant] in the income tax returns").

**IV.    Conclusion**

For the reasons set forth, Plaintiffs' Motion will be denied. An appropriate order follows.


    /s/ Gerald Austin McHugh
United States District Judge