**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BETH ANN BRETTER and** | : | |
| **JAMES R. PEYTON, JR.** | : | |
| | : | **CIVIL ACTION** |
| v. | : | **No. 22-2509** |
| | : | |
| **KAREN F. PEYTON** | : | |

**McHUGH, J.**                                                                **August 12, 2024**

### MEMORANDUM

This diversity action arises out of a family dispute among siblings over inheritances. Two siblings take issue with their sister's financial management of assets that belong to their deceased mother and brother, alleging that she wrongfully withheld funds from both estates for herself. The obstacle Plaintiffs face is that their mother Anna died in 2013 followed by their brother Mark is 2018, yet this action was not filed until June of 2022. To surmount the obvious problem presented by the statute of limitations, Plaintiffs invoke both the discovery rule and the equitable doctrine of fraudulent concealment. With discovery complete, Plaintiffs cannot point to evidence from which a jury could reasonably conclude that they acted with appropriate diligence. Nor can Plaintiffs point to any affirmative misrepresentation before the applicable statutes expired that would have tolled the running of time. And, because Plaintiffs had an adequate remedy at law that they failed to pursue in a timely fashion, they cannot now fall back on the equitable remedy of unjust enrichment. I am therefore compelled to grant their sister's Motion for Summary Judgment, asserting that these claims are barred as untimely.

### I.        Relevant Background

I previously outlined the facts giving rise to this action in a memorandum addressing Defendant's Motion to Dismiss on September 23, 2022. *See* ECF 8. In summary, Plaintiffs Beth

Ann Bretter and James Peyton, Jr. have sued their sister, Karen Peyton, alleging a breach of fiduciary duty, conversion, and unjust enrichment.  Compl.  ¶¶ 40-75, ECF 1.  They also request declaratory relief via a constructive trust.  *Id.* ¶¶ 76-86.  Beth Ann and James Jr. allege their sister Karen mismanaged assets of the siblings' brother, Mark Peyton, and mother, Anna Peyton, before and after their deaths.[1]  *Id.* ¶¶ 21-39.  Specifically, Plaintiffs claim that Karen improperly converted assets belonging to the estates of their mother and brother, which prevented Beth Ann and James Jr. from receiving these assets upon the death of Anna and Mark.  *Id.*

With discovery complete, Karen has moved for summary judgment on all counts.  The record before me includes Karen's deposition and accompanying documents (ECF 34, Pls.' Ex. A), and relevant excerpts of Beth Ann and James Jr.'s depositions (ECF 33,  Def.'s Exs. A-E).

## II.    Standard of Review

This Motion is governed by the well-established standard for summary judgment set forth in Federal Rule of Civil Procedure 56(a), as described by *Celotex Corporation v. Catrett*, 477 U.S. 317, 322-23 (1986).  The parties hotly contest many aspects of this case, but a factual dispute is "material" only if it might affect the outcome of the action under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).  "The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Id.* at 247-48.

---

[1] Because the parties are family members, to avoid confusion I  use first names throughout.

## III.   Discussion

### A. Claims for Breach of Fiduciary Duty and Conversion

Defendant argues that Plaintiffs' claims of breach of fiduciary duty and conversion are barred by the two-year statute of limitations imposed by Pennsylvania law, 42 Pa. Cons. Stat. § 5524,[2] which would have expired in 2015 for Anna's estate and 2020 for Mark's estate.  Plaintiffs do not contest the applicability of the two-year statute of limitations period, but maintain their claims are timely under the discovery rule and the equitable doctrine of fraudulent concealment.

### 1.  Discovery Rule

"Pennsylvania's discovery rule delays the start of the statute-of-limitations period until" Plaintiffs know "or reasonably should know" they have "suffered an injury caused by another." *Adams v. Zimmer US, Inc.*, 943 F.3d 159, 161 (3d Cir. 2019).   The discovery rule requires "reasonable diligence," which is an objective standard, "but at the same time 'sufficiently flexible' to 'take into account the differences between persons and their capacity to meet certain situations and the circumstances confronting them at the time in question.'"   *Id.* at 163 (quoting *Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005)).   "The interplay between summary judgment principles and application of the discovery rule requires us to consider whether it is undeniably clear that [Plaintiffs] did not use reasonable diligence in timely ascertaining their injury and its cause, or whether an issue of genuine fact exists regarding [Plaintiffs'] use of reasonable diligence to

---

[2] In pertinent part, 42 Pa. Cons. Stat. § 5524 imposes a two-year statute of limitations on:

(3) An action for taking, detaining or injuring personal property, including actions for specific recovery thereof.

. . .

(7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.

ascertain their injury and its cause." *Gleason v. Borough of Moosic*, 15 A.3d 479, 486-87 (Pa. 2011).

Plaintiffs maintain that they did not discover their injury until November 2021, when they purportedly learned that Karen had forged their brother Mark's will,[3] which in turn led them to identify certain joint accounts they contend should have passed through the estate. *See* Pls.' Opp. Br. 12, ECF 34. But the existence of those accounts was known to Plaintiffs before their mother passed. Beth Ann testified that "[m]y mother had more than one bank account though. My mother had several and several [Certificates of Deposit (CDs)]. My mother spread money out all over the place." Beth Ann Dep. 21:4-6 (ECF 33, Ex. E). And Beth Ann testified that she had concerns even as she signed the release for distribution of her mother's estate:

> I recall signing [the release] because, at the time I believed that was the entirety that was disperse (sic), but I always had questions. There was a lot of CDs that my mom talked about that I didn't see any evidence of.

*Id.* at 20:11-14. Her brother James referred to his mother's "intention" with respect to the joint accounts, which she necessarily would need to have conveyed before her death:

> That was my mother's intention that things would be shared equally. When she passed anything that had Mark's name and her name on it, . . . I thought, my understanding was we weren't going to divide it at the time [of my mother's death]; that we would leave it in place so Mark would have the whole amount in order to live on, and we would split it equally when he passed cause of his health problems. We thought he would be the one to pass first.

James Jr. Dep. 26:16-27:03 (ECF 33, Ex. D).

---

[3] Plaintiffs continue to make allegations that their sister forged their brother's will and, as a result, they are owed a share of the deed of their family home that was jointly put in their brother's name and Karen's name before their mother's death. *See, e.g.*, Pls.' Opp. Br. 2-3, ECF 34. Because this Court lacks jurisdiction over that claim, ECF 8, and it is being litigated in the Philadelphia Court of Common Pleas Orphan's Court Division, *see* Pls.' Opp. Br. 2, this accusation has relevance here only to the extent that it may bear on the running of the statute of limitations.

Based on James' testimony, a jury could find that it was reasonable for him and Beth Ann to suspend inquiry about joint accounts while their brother Mark was alive and under Karen's care. But once Mark passed in 2018, particularly given the Plaintiffs' testimony about their knowledge and expectations, at least some, minimal inquiry was required, and the record shows none.

Plaintiffs allege that they relied on their sister's good faith and honesty.  But as the Pennsylvania Supreme Court has cautioned:

> Our cases firmly establish that the 'reasonable diligence' standard has some teeth. A person claiming the discovery rule exception has the burden of establishing that he pursued the cause of his injury with those qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protection of their own interests and the interests of others.

*Cochran v. GAF Corp.*, 666 A.2d 245, 250 (Pa. 1995) (quotations omitted).  And "lack of knowledge, mistake or misunderstanding does not toll the running of the statute of limitations." *Brooks v. Sagovia*, 636 A.2d 1201, 1202 (Pa. Super. Ct. 1994) (cleaned up).  Lacking evidence that they exercised even minimal diligence, Plaintiffs cannot find shelter in the discovery rule.

### 2.  Fraudulent Concealment

Fraudulent concealment "is based on a theory of estoppel, and provides that the defendant may not invoke the statute of limitations, if through fraud or concealment, he causes the plaintiff to relax his vigilance or deviate from his right of inquiry into the facts." *Krapf v. St. Luke's Hosp.*, 4 A.3d 642, 650 (Pa. Super. Ct. 2010) (citing *Fine*, 870 A.2d at 860).  A "defendant's conduct need not rise to fraud or concealment in the strictest sense, that is, with an intent to deceive; unintentional fraud or concealment is sufficient." *Molineux v. Reed*, 532 A.2d 792, 794 (Pa. 1987). But, for the doctrine to apply, a "defendant must have committed some affirmative independent act of concealment upon which a plaintiff justifiably relied." *Krapf*, 4 A.3d at 650.  And, "[t]he

plaintiff has the burden of proving fraudulent concealment by clear, precise, and convincing evidence." *Id.*

Fraudulent concealment tolls the running of time. Here, Plaintiffs point to no affirmative misrepresentation of any kind *before* the applicable statutes expired that caused them to relax their vigilance with respect to their rights to inherit. The record as it stands does not reflect anything that Karen said about either of the estates or the joint accounts that would have dissuaded her siblings from inquiring. And by Plaintiffs' account, Karen's admission to having forged Mark's will did not occur until 2021, by which time the statute of limitations had already expired.

Admittedly, if the will were forged, that fact would have been concealed from Plaintiffs. But any claim related to the will falls within the jurisdiction of the state court, where its validity is being litigated. The claims before me are limited to allegedly wrongful *inter vivos* transfers, and any subsequent misrepresentation by Karen related to the will cannot be invoked retroactively as an excuse for Plaintiffs' failure to inquire about accounts they knew existed.

### B. Claims for Unjust Enrichment and Constructive Trust

Plaintiffs also assert equitable claims for unjust enrichment with the remedy of a constructive trust. As a threshold matter, I agree with Plaintiffs that such claims are properly asserted as alternative forms of relief. *See generally Seplow v. Closing Pro, Inc.*, No. 23-3628, 2024 WL 649260 (E.D. Pa. Feb. 15, 2024) (McHugh, J.). But it remains the case that a party invoking equity must generally demonstrate the absence of an adequate remedy at law. *Peitzman v. Seidman*, 427 A.2d 196, 232 (Pa. 1981). In Pennsylvania, a claim for damages is properly brought as an action at law. *Meehan v. Cheltenham Twp.*, 189 A.2d 593, 595 (Pa. 1963); *Sixsmith v. Martsolf*, 196 A.2d 662, 663 (Pa. 1964). Here, Plaintiffs had a remedy at law but forfeited it by a failure to exercise diligence.

As I have previously held, "[i]n the context of equity jurisdiction, if the expiration of the statute of limitations were deemed sufficient to establish the 'absence of a remedy of law,' time limitations would be rendered meaningless." *Carroll v. Fein,* No. 15-1720, 2018 WL 3416390, at *6 (E.D. Pa. July 13, 2018).  Here, the relief sought in equity is identical to the relief Plaintiffs could have pursued at law, and the statute of limitations must apply equally.  "Where . . . the jurisdiction of equity is 'concurrent' with that at law or the suit is brought in aid of a legal right, the state statute of limitations applicable to legal remedies and rights will be applied in the equity suit," with the result that "the statute that bars the legal right bars recovery upon it in an action at law ***or*** a suit in equity."  *Overfield v. Pennroad Corp.*, 146 F.2d 889, 892, 895 (3d Cir. 1944) (emphasis added).  Consequently, Plaintiffs' claim for unjust enrichment is also untimely.

Finally, Plaintiffs' remaining claim requesting declaratory relief in the form of a constructive trust is moot because there is no basis on which they can prevail.

## IV.    Conclusion

For the reasons set forth above, Defendant's Motion for Summary Judgment will be granted.  An appropriate order follows.


                                                     /s/ Gerald Austin McHugh
                                                    United States District Judge